UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JORDAN REBERIO,
*Plaintiff,*

v.

JESUS GUADARRAMA, et al.,
*Defendants.*

No. 3:23-cv-00238-VAB

## INITIAL REVIEW ORDER

Jordan Reberio ("Plaintiff") is a *pro se* sentenced prisoner[1] housed at Osborn Correctional Institution ("Osborn") in the custody of the Connecticut Department of Correction ("DOC"). He filed this Complaint under 42 U.S.C. § 1983 against six DOC employees (who all allegedly work at Osborn) in their individual and official capacities.

The Prison Litigation Reform Act requires that federal courts review complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Upon review, the Court must dismiss the complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

The Court has thoroughly reviewed all factual allegations in the complaint and conducted an initial review of the allegations therein under 28 U.S.C. §1915A.

---

[1] The Court may "take judicial notice of relevant matters of public record." *Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012). The Connecticut DOC website reflects that Mr. Reberio was admitted to DOC on May 1, 2015, and sentenced on February 9, 2016 to a sentence that has not yet expired. *See Inmate Information*, Dep't of Corr., available at http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=408946 (last accessed July 14, 2023).

1

For the following reasons, the case shall proceed on (1) Mr. Reberio's Eighth Amendment deliberate indifference to conditions of confinement claims against Warden Guadarrama and Maintenance Supervisor Bellanger in their individual capacities; and (2) Mr. Reberio's Eighth Amendment medical indifference claims against Dr. Naqvi, Dr. Thurber, RN Chofay, and RN Martell in their individual and official capacities.

I.   BACKGROUND

While housed at Osborn in September 2022, Mr. Reberio allegedly notified Warden Guadarrama and Maintenance Supervisor Bellanger about the broken bathroom ceiling that required repair. In October 2022, a part of the concrete ceiling allegedly hit Mr. Reberio in the head. Mr. Reberio allegedly was taken to the medical unit and met with RN Martell. After Mr. Reberio allegedly explained his injury, she allegedly laughed and called him a liar, even though another nurse allegedly confirmed the presence of blood.

Mr. Reberio allegedly informed RN Martell that he had level ten pain and dizziness, but she allegedly failed to follow any concussion protocol. She allegedly contacted the on-call doctor, Dr. Naqvi, who allegedly ordered RN Martell to provide Mr. Reberio with Motrin and send him back to his unit. Dr. Naqvi allegedly did not order any concussion protocol or diagnostic testing despite Mr. Reberio's reports of dizziness and pain.

The next day, Mr. Reberio allegedly saw his provider, Dr. Thurber. He allegedly informed Dr. Thurber that he was experiencing dizzy spells, but Dr. Thurber allegedly failed to perform or order any diagnostic testing or follow any concussion protocol. She allegedly offered him Motrin and instructed him to write if his symptoms worsened.

On October 15, 2022, Mr. Reberio allegedly submitted an inmate request to be seen by

2

Dr. Thurber due to his head and neck pain. On November 2, 2022, Mr. Reberio allegedly wrote another inmate request stating that he had persistent head and neck pain. Both requests allegedly were returned with the response that he was put on the sick call list.

On November 14, 2022, Mr. Reberio allegedly was seen by RN Chofay in the medical unit. He allegedly complained about worsening symptoms, including shooting pain in his head and headaches that woke him up at night. RN Chofay allegedly did not refer Mr. Reberio to a doctor, order diagnostic tests, or offer any pain medication.

On November 25, 2022, Mr. Reberio allegedly wrote to Dr. Thurber about his worsening symptoms. She allegedly never responded to his request. Since that date, Mr. Reberio allegedly has written several requests to Dr. Thurber and Chofay, but he allegedly never received any response. Nor has he been seen by Dr. Thurber or RN Chofay or called again for sick call.

## II.     DISCUSSION

Section 1983 "provides a private right of action against any person who, acting under color of state law, causes another person to be subjected to the deprivation of rights under the Constitution or federal law." *Blyden v. Mancusi*, 186 F.3d 252, 264 (2d Cir. 1999). "The common elements to all § 1983 claims are: '(1) the conduct complained of must have been committed by a person acting under color of state law; and (2) the conduct complained of must have deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.'" *Lee v. City of Troy*, 520 F. Supp. 3d 191, 205 (N.D.N.Y. 2021) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)).

### A.     The Eighth Amendment Claims

To state a cognizable Eighth Amendment claim for unconstitutional conditions of

3

confinement, a plaintiff must allege facts to show that, (1) objectively, "the deprivation was sufficiently serious that he was denied the minimal civilized levels of life's necessities," and (2) that, subjectively, the defendants "acted with a sufficiently culpable state of mind, such as deliberate indifference to inmate health or safety." *Washington v. Artus*, 708 F. App'x 705, 708 (2d Cir. 2017) (summary order) (quoting *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013) (internal quotation marks omitted)); s*ee also DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 200 (1989) (listing food, clothing, shelter, medical care, and reasonable safety as examples of basic human needs).

For a medical deprivation, the prisoner must allege facts to show that "(1) objectively, the alleged deprivation of medical care was 'sufficiently serious,' and (2) subjectively, that the defendants acted or failed to act 'while actually aware of a substantial risk that serious inmate harm will result.'" *Washington v. Artus*, 708 F. App'x 705, 708 (2d Cir. 2017) (quoting *Salahuddin v. Goord*, 467 F.3d 263, 279–80 (2d Cir. 2006)). To be "sufficiently serious," the deprivation of medical care must be "a condition of urgency, one that may produce death, degeneration, or extreme pain." *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011). An inmates' disagreement over the treatment provided does not rise to a claim of Eighth Amendment deliberate indifference. *See Wright v. Rao*, 622 F. App'x 46, 47 (2d Cir. 2015) (citing *Chance v. Armstrong,* 143 F.3d 698, 703 (2d Cir.1998) ("It is well-established that mere disagreement over the proper treatment does not create a constitutional claim. So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation.")). A plaintiff may be able to state a plausible Eighth Amendment claim where a medical provider's decisions do not derive from his or her medical judgment.

*Braham v. Perelmuter*, No. 3:15-CV-1094 (JCH), 2017 WL 3222532, at *17 (D. Conn. July 28, 2017) (noting evidence raised question of fact about whether treatment derived from sound medical judgment).

Thus, to state an Eighth Amendment claim of deliberate indifference to either a medical need or a condition of confinement, a plaintiff must allege facts to suggest that the defendants acted not merely carelessly or negligently, but with a subjectively reckless state of mind akin to criminal recklessness. *See, e.g.*, *Spavone v. N.Y. State Dep't of Corr. Servs.*, 719 F.3d 127, 138 (2d Cir. 2013); *Hilton v. Wright*, 673 F.3d 120, 127 (2d Cir. 2012) (per curiam); *Collazo*, 656 F.3d at 135. "Officials need only be aware of the risk of harm, not intend harm. And awareness may be proven from the very fact that the risk was obvious." *Spavone*, 719 F.3d at 138.

Mr. Reberio asserts Eighth Amendment claims based on (1) deliberate indifference to his conditions of confinement against Warden Guardarrama and Maintenance Supervisor Bellanger; and (2) deliberate indifference to his medical needs against Dr. Naqvi, Dr. Thurber, RN Chofay, and RN Martell.

The Court will address these claims in turn.

1.  **Individual Capacity Claims**

The Court first considers whether Mr. Reberio has alleged any plausible claims against these Defendants in their individual capacities. To "hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official without relying on a special test for supervisory liability." *Tangreti v. Bachman*, 983 F.3d 609, 620 (2d Cir. 2020).

Here, Mr. Reberio's Complaint sufficiently alleges that Warden Guadarrama and

Maintenance Supervisor Bellanger acted with conscious disregard to a substantial risk of serious harm to Mr. Reberio. In addition, Mr. Reberio has alleged sufficient facts to suggest medical deliberate indifference by Dr. Naqvi, Dr. Thurber, RN Chofay, and RN Martell.

Accordingly, Mr. Reberio may proceed on his Eighth Amendment claims against all Defendants in their individual capacities.

### 2. Official Capacity Claims

To the extent he asserts official capacity claims for monetary damages against Defendants, who are state employees, such claims are dismissed as barred by the Eleventh Amendment. *See, e.g.*, *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("Nonetheless, given Eleventh Amendment doctrine, there can be no doubt that this damages action did not seek to impose monetary liability on the Commonwealth.").

But Mr. Reberio also requests that the Court order DOC to provide him with an evaluation by a specialist and medical treatment. As these allegations suggest that Dr. Naqvi, Dr. Thurber, RN Chofay, and RN Martell are still consciously disregarding his serious medical needs, Mr. Reberio may proceed for injunctive relief against these Defendants in their official capacities. *See Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 254–55 (2011) ("[W]hen a federal court commands a state official to do nothing more than refrain from violating federal law, he is not the State for sovereign-immunity purposes." (citing *Ex parte Young*, 209 U.S. 123 (1908))).

### III. CONCLUSION

The Court enters the following orders:

(1) The case shall proceed on (1) Mr. Reberio's Eighth Amendment deliberate

indifference to conditions of confinement claims against Warden Guadarrama and Maintenance Supervisor Bellanger in their individual capacities, and (2) Mr. Reberio's Eighth Amendment medical indifference claims against Dr. Naqvi, Dr. Thurber, RN Chofay, and RN Martell in their individual and official capacities.

Mr. Reberio is not proceeding *in forma pauperis*, but in light of Plaintiff's incarceration and the resulting difficulty Plaintiff is likely to encounter effectuating service, the Court orders the Clerk of Court as follows:

(2) **The Clerk of Court shall** verify the current work addresses for Warden Guadarrama, Maintenance Supervisor Bellanger, Dr. Naqvi, Dr. Thurber, RN Chofay, and RN Martell with the DOC Office of Legal Affairs, mail a waiver of service of process request packet containing the Complaint and attachments to them at their confirmed addresses by **August 11, 2023**, and report on the status of the waiver request by **August 25, 2023**. If any Defendant fails to return the waiver request, the Clerk of Court shall make arrangements for in-person individual capacity service by the U.S. Marshals Service on that defendant, and that defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3) **The Clerk of Court shall** prepare a summons form and send an official capacity service packet to the U.S. Marshal Service. The U.S. Marshal Service is directed to effect service of the Complaint and this Order on Dr. Naqvi, Dr. Thurber, RN Chofay, and RN Martell in their official capacities at the Office of the Attorney General, 165 Capitol Avenue, Hartford, CT 06106, by **August 11, 2023** and to file a return of service by **August 25, 2023**.

(4) The Clerk of Court shall send a courtesy copy of the Complaint and this Order to the DOC Office of Legal Affairs and the Office of the Attorney General.

(5) Defendants shall file their response to the Complaint, either an Answer or motion to dismiss, by **November 3, 2023**. If a Defendant chooses to file an Answer, the Defendant shall admit or deny the allegations and respond to the cognizable claims recited above. The Defendant may also include any and all additional defenses permitted by the Federal Rules.

(6) Discovery, according to Federal Rules of Civil Procedure 26–37, shall be completed by **March 8, 2024**. Discovery requests need not be filed with the court.

(7) The parties must comply with the District of Connecticut "Standing Order Re: Initial Discovery Disclosures," which will be sent to both parties by the court. The Order can also be found at http://ctd.uscourts.gov/administrative-standing-orders.

(8) All motions for summary judgment shall be filed by **April 12, 2024**.

(9) According to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within **twenty-one (21) days** of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(10) If Mr. Reberio changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that he MUST notify the court. Failure to do so can result in the dismissal of the case. Mr. Reberio must give notice of a new address even if he is incarcerated. He should write "PLEASE NOTE MY NEW ADDRESS" on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If Mr. Reberio has more than one pending case, he should indicate all of the case numbers in the notification of change of address. He should also notify Defendants or defense counsel of his new address.

(11) Mr. Reberio shall utilize the Prisoner Efiling Program when filing documents with

the court. Mr. Reberio is advised that the Program may be used only to file documents with the court. Local court rules provide that discovery requests are not filed with the court. D. Conn. L. Civ. R. 5(f). Therefore, discovery requests must be served on defendants' counsel by regular mail.

    **SO ORDERED** at Bridgeport, Connecticut, this 21st day of July, 2023.

<u>/s/ Victor A. Bolden</u>
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE